HENRY ERNST *et al.* v. WEST VIRGINIA SMOKELESS FUEL & POWER COMPANY *et al.*

(No. 7437)

Submitted January 24, 1933. Decided January 31, 1933.

*Thos. N. Read* and *T. L. Read,* for appellant.

*File, Goldsmith & Scherer* and *J. Q. Hutchinson,* for appellee.

WOODS, JUDGE:

This appeal is prosecuted from a decree entered in the chancery cause of *Henry Ernst et al.* v. *West Virginia Smokeless Fuel & Power Company et al.,* pending in Fayette county, wherein the chancellor struck out the answer of J. E. Gwinn to the petition of Truman-Evans Corporation for a writ of possession as to certain mining equipment purchased by it from the special receiver in the cause, and directed that the writ issue.

The equipment in question is located on a tract of land lying in Summers county, which tract together with a contiguous acreage in Fayette county made up the coal company property. By his answer, Gwinn charges in effect that he holds the realty in Summers county under a tax deed, dated March 31, 1931, having purchased same at a sheriff's sale on December 9, 1929, for 1927 taxes; that the equipment sought to be removed therefrom is attached to and a part of the realty; and that he had had no notice of the chancery suit or of the appointment of the receiver therein.

The chancellor took the position that the realty in Summers county came under the control of the circuit court of Fayette county by virtue of the appointment of the receiver, and that no title vested in J. E. Gwinn, since the latter did not obtain the consent of said circuit court to the execution and delivery of the tax deed.

There can be no question that the circuit court of Fayette county acquired jurisdiction of all of the assets of the West

Virginia Smokeless Fuel & Power Company, no matter what their character or where situated, by the appointment of the receiver. High on Rec'rs., sec. 48. But the receiver holds the property coming into his hands by the same right and title as the person for whose property he is receiver, subject to liens, priorities, and equities at the time of his appointment. He becomes merely the assignee of the insolvent, and has exactly the same rights. 23 R. C. L. 56. And when property is rightfully in the custody of a receiver, it is not exempt from the imposition of taxes, and the lien for taxes is superior to all other liens whatsoever, except judicial costs. *In re Tyler*, 149 U. S. 164, 182.

Summons issued on November 30, 1929, against West Virginia Smokeless Fuel & Power Company, a Delaware corporation, E. J. Hartenfeld, W. A. McAdoo, M. A. Krauss, and Citizens State Bank of Chicago, trustee, all non-residents. The affidavit in support of order of publication is to the effect that each of the foregoing were residents of Illinois. No process of any kind appears ever to have been directed against J. E. Gwinn, who is a resident of Summers county.

A report of the receiver, bearing date January 7, 1930, is to the effect that on that date the coal property was sold to Mariemont Coal Company, after four weeks' notice in a Chicago paper, as provided in a certain deed of trust. The report was that day confirmed. However, on October 8, 1931, the receiver filed a petition asking leave to sell certain equipment on the property, to pay attorney fee, receiver's commission, and court costs, the order reciting that the deed to Mariemont Coal Company, had, by proper suit, been set aside for failure to comply with terms of the deed. No recital appears to the effect that such deed was ever recorded in either Fayette or Summers county.

Upon leave of the court, a sale of certain equipment was made on October 12, 1931, to the Truman-Evans Corporation. Gwinn would not permit the purchaser to remove the equipment from the premises, which he claimed under the tax deed; hence the petition for a writ of possession.

In the tax deed, which is in the usual statutory form, the clerk of the county court, in accordance with the provisions of Code 1931, 11-10-16, certified that order of publication of

the notice of application for the deed issued as to the West Virginia Pocahontas Collieries Company, a non-resident corporation (the party in whose name the property was returned delinquent and sold), Donald F. Rainhold and Frieda Rainhold, non-residents of the State of West Virginia, West Virginia Fuel and Power Company, a non-resident corporation, and Sewell Valley Coal Company, a resident corporation, and that a notice of the application was accepted by the auditor of the State of West Virginia, as to the said West Virginia Pocahontas Collieries Company, a foreign corporation, authorized to do business in this State, and the Sewell Valley Coal Company, a domestic corporation, "they being the parties apparently interested in this conveyance."

Under the circumstances, the foregoing constitutes a substantial compliance with the statute as to notice. So far as the record in this case reveals, there is nothing on record in Summers county to contradict it. As already noted, Gwinn claims that he had no notice of the chancery suit. There is nothing to indicate personal service on him, nor notice of any description. The petition of the receiver, dated October 8, 1931, which has heretofore been referred to, stated that the property was in reality never operated; that the machinery installed on the property was all second-hand; and that the property was apparently used by certain promoters to advance their fraudulent schemes in the state of Illinois, and elsewhere.

Gwinn bought the Summers county property in at the sheriff's sale, thereby acquiring an equity therein to the amount of the purchase price, with the additional right by virtue of statute to a deed for the property, if not reimbursed within a certain time. The receiver knew that the corpus of the property, coming into his hands by virtue of his appointment, must stand or fall on the payment or non-payment of the expense of the tax purchaser, whomever he might be. Six months after the deed to Gwinn and five months after Gwinn had transferred the property to a third party, the receiver attempted to salvage certain articles of machinery and tile located on the property in Summers county for the purpose of meeting expenses incurred in the suit to that date. The court, in the absence of funds in the hands of the receiver,

could not have done more, under the circumstances, than direct the clerk of the county court to prepare and execute a tax deed to Gwinn. The notice provided by statute is merely to give the former owner, or the party or parties claiming under him, a last opportunity to redeem. The purchaser is required to act promptly; and having done so, his rights should not now be jeopardized by reason of the inaction of the receiver.

In view of the foregoing, we are of opinion that the circuit court erred in striking out the answer, and therefore reverse the decree and remand the cause for a determination of the issues on the merits.

*Reversed and remanded.*